IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATOSHA MARSHALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1084-K-BN |
| | § | |
| FREEDOM MORTGAGE | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 2.

Defendant Freedom Mortgage Corporation ("Defendant") has filed a motion to dismiss on all claims brought by Plaintiff Latosha Marshall ("Plaintiff"). *See* Dkt. No. 7. Plaintiff filed a response [Dkt. No. 13] and Defendant filed a reply [Dkt. No. 14]. The undersigned now enters the following findings of fact, conclusions of law, and recommendation that the Court grant Defendant's motion to dismiss for failure to state a claim.

**Background**

This case concerns the loan servicing and attempted foreclosure of Plaintiff's home in Forney, Texas ("the Property"). *See* Dkt. No. 1, Ex. B. Defendant is Plaintiff's mortgage holder. Plaintiff alleges that she received a defective notice of default and

an improper notice of acceleration, neither of which met the requirements set out by the loan documents. *See id.* She alleges that Defendant failed to inform her of any assistance options, failed to provide workout alternatives, failed to provide a full accounting, made misrepresentations to her when discussing her options for loss mitigation, and avoided inquiries about a loan modification. *See id.*

Plaintiff filed this action in state court on April 29, 2022, seeking injunctive relief to prevent the foreclosure sale of her home and bringing claims for breach of contract and negligent misrepresentation. The state court granted a temporary restraining order on May 2, 2022.

Defendant timely removed to federal court on May 16, 2022, on the basis of diversity citizenship. *See* Dkt. No. 1. Defendant then filed this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 7.

## Legal Standard

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true,

raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely

evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

Defendant argues that Plaintiff fails to allege any facts to demonstrate a claim for breach of contract or negligent misrepresentation. The undersigned agrees.

Plaintiff's first amended original petition contains only conclusory allegations that Defendant breached their contract and made negligent misrepresentations supported only by recitations of elements of those causes of action. *See Iqbal*, 556 U.S. at 678. Plaintiff claims that she received defective notice of default and an improper notice of acceleration from Defendant without any further facts to explain. She alleges that Defendant misrepresented her options for loss mitigation without explaining what those misrepresentations were. She asserts that she relied to her detriment on those representations without giving facts showing that detrimental reliance. Without facts to support these conclusory statements, Plaintiff has failed to plead a plausible claim. *See Twombly*, 550 U.S. at 570.

In their response to Defendant's motion to dismiss, Plaintiff claims that she was "forced to file this application for TRO at the last possible moment and all the facts and documents were unavailable to her prior to the foreclosure date". *See* Dkt. No. 13 at 1. But, for a complaint to meet the pleading standards, it must state facts beyond conclusory allegations. *See Smith*, 615 F. App'x at 833.

The complaint must give facts to indicate how the notice of default was defective and why the notice of acceleration was improper, rather than just stating these conclusions. The undersigned cannot find that Defendant made misrepresentations without facts to discern what was misrepresented. But, even taking on anew each of Plaintiff's allegations as best the undersigned can understand them, Plaintiff's first amended original petition does not meet Rule 8(a)'s plausibility standard for the reasons below.

## I.   Plaintiff failed to adequately plead a claim for breach of contract.

Plaintiff's breach of contract claim should be dismissed. Under Texas law, to succeed on a breach of contract claim, the plaintiff must show (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *See Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

Plaintiff alleges in her first amended original petition that Defendant failed to fulfill their requirements under the terms of the loan documents – the undersigned assumes this to be the deed of trust – themselves; Texas Property Code § 51.002; Housing and Urban Development regulations, 24 C.F.R. §§ 203.501, 203.604(b), and 203.605 (which Plaintiff apparently refers to as simply 605); and the Texas common law. The undersigned will take each of these in turn.

### A.  The Deed of Trust

Defendant argues that Plaintiff's breach of contract claim is a wrongful foreclosure claim in disguise and, in the alternative, that the claim is defeated because Plaintiff, as she admits (*see* Dkt. No. 13 at 3), defaulted and therefore previously breached. The undersigned disagrees with both assertions.

The Fifth Circuit has articulated an exception to the general proposition that a party's prior breach of a contract will excuse the other party's performance in the context of a debt secured by a deed of trust covering real property. *See Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244-45 (5th Cir. 2018). This is based on the

distinction between independent and dependent promises in Texas contract law. For mutually dependent promises, the breach of one promise will excuse the performance of the other, but, for reciprocal but independent promises, the breach of one promise does not necessarily excuse the performance of the other. *See Barraza v. Bank of Am., N.A.*, No. EP-12-CV-35-KC, 2012 WL 12886438, at *9 (W.D. Tex. Aug. 13, 2012).

The intent of the parties determines whether promises are dependent or independent. *See id.* at *10. Courts will look to the language of the contract to determine this intent. *See id.* Courts will find that a promise is dependent if it "goes to the entire consideration of a contract" and "is conditional upon the prior performance by the other party." *Id.* (quoting *46933, Inc. v. Z & B Enters., Inc.*, 899 S.W.2d 800, 807-08 (Tex. App. – 1995, writ denied)). Courts will find that a promise is independent if it "goes only to part of the consideration on both sides and a breach may be compensated for in damages." *Id.* (quoting *Hanks v. GAB Bus. Servs., Inc.*, 644 S.W.2d 707, 708 (Tex. 1982)).

The court in *Barraza* explained that the plaintiffs' promise to make mortgage payments was independent of the defendants' promise to perform its post-default obligations under the deed of trust before executing a foreclosure sale. *See id.* The court in *Williams* further reasoned that the requirement in a deed of trust of post-default obligations such as a notice of intent to foreclose only has meaning if it can be enforced in the event of default. *See Williams*, 884 F.3d at 245. Reading the post-default obligations as being dependent on the plaintiff never entering default in the first place renders those obligations meaningless. *See id.* Such a reading would be

inconsistent with the principle that Texas courts must "attempt to give effect to all contract provisions so that none will be rendered meaningless." *Id.* (quoting *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998)).

And, so, failing to fulfil post-default obligations before attempting to foreclose can be the basis for a breach of contract action and is not necessarily barred by default.

But the fact that Plaintiff has a valid cause of action does not mean that she has met her burden to plead that cause of action. Plaintiff has failed to provide an essential piece of support for her claim: the deed of trust. A claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014). Without identifying the provision or provisions, the Court cannot determine whether Plaintiff has pleaded factual content that allows the Court to draw the reasonable inference that a defendant is liable for the breach of those provisions or, more specifically here, that the notice that Plaintiff received was defective and that Defendant failed to fulfill their post-default obligations under the deed of trust. Plaintiff does not identify the provisions of the deed of trust that have been breached but instead claims that she received defective notice of default and improper notice of acceleration.

These conclusory statements are not sufficient to plead breach of contract on the basis of the deed of trust and therefore that component of the claim should be dismissed without prejudice.

### B. Texas Property Code

Plaintiff claims that she did not receive notice of default and opportunity to cure as required under Texas Property Code § 51.002. *See* Dkt. No. 1 at Ex. B.

Section 51.002(d) requires that the mortgagee give written notice of default and at least 20 days to cure, but it does not provide a private cause of action to mortgagors. *See Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015) ("Although the Texas Supreme Court has not decided this issue, the federal district courts that have addressed it seem to conclude that Section 51.002(d) does not intend an independent private cause of action."); *see also Robinson v. Wells Fargo Bank N.A.*, No. 3:20-cv-601-B, 2021 WL 2291015 at *3 (N.D. Tex. June 4, 2021) (citing several cases that find that "[Section] 51.002 does not provide a private right of action").

Courts have instead "construed claims for violation of [S]ection 51.002 as claims for wrongful foreclosure." *Carey v. Wells Fargo Bank, N.A.*, No. CV H-15-1666, 2016 WL 4246997 at *3 (S.D. Tex. Aug. 11, 2016). Under Texas law, to succeed on a wrongful foreclosure claim, the plaintiff must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Implicit in this standard is a requirement that a foreclosure sale actually take place. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013) ("[C]ourts in Texas do not recognize an action for attempted wrongful foreclosure") (quoting *Motten v. Chase Home Fin.*, 831 F.Supp.2d 988, 1007-08 (S.D. Tex. 2011)).

Plaintiff obtained a temporary restraining order from state court to prevent the foreclosure sale of her home. *See* Dkt. No. 1. Ex. B-3. She has not alleged that her house has been sold at a foreclosure sale. Therefore, she cannot succeed on a claim for wrongful foreclosure, and this component of her claim for breach of contract should be dismissed without prejudice.

### C. HUD Regulations

Plaintiff claims that Defendant failed to inform her of any assistance options before accelerating the loan. She cites to 24 C.F.R. §§ 203.501 (requiring that the mortgagee mitigate losses to HUD and providing options to consider), 203.604(b) (requiring a face-to-face meeting between mortgagee and mortgagor before three monthly installments due on the mortgage are unpaid), and 203.605 (explaining the loss mitigation performance tier ranking system). *See* Dkt. No. 1, Ex. B.

Defendant argues that the HUD regulations cannot be the basis of the breach of contract claim because Plaintiff does not show how the regulations are expressly incorporated into the agreement. *See* Dkt. No. 7 at 5. The undersigned agrees.

The Fifth Circuit has held that "HUD regulations do not give the borrower a private cause of action unless … expressly incorporated into the lender-borrower agreement." *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 196 (5th Cir. 2016). And Plaintiff gives no facts to support her allegation that "the loan documents provide that the acceleration and foreclosure are subject to the limitations of HUD regulations." Dkt. No. 1, Ex. B.

Further, even if Plaintiff had shown how the regulations were expressly incorporated into the agreement, the regulations to which she cites do not specifically require that the mortgagee inform the mortgagor of available assistance options. This is only required by subpart (e) of 24 C.F.R. § 203.604 if the mortgage is insured under Section 248 of the National Housing Act, which Plaintiff does not allege.

Without these required facts, Plaintiff cannot show that the mortgage is subject to HUD regulations and those regulations cannot form a basis for a breach of contract claim. Therefore, this component of her claim for breach of contract should be dismissed without prejudice.

### D. Texas Common Law

Plaintiff claims for the first time in her response that her breach of contract claim is based on a Texas common law requirement of several pre-foreclosure notices. *See* Dkt. No. 13 at 2. "A plaintiff may not amend [their] complaint in [their] response to a motion to dismiss." *Mun. Employees' Ret. Sys. of Michigan v. Pier 1 Imports, Inc.*, 935 F.3d 424, 436 (5th Cir. 2019) (quoting *Lohr v. Gilman*, 248 F. Supp. 3d 796 (N.D. Tex. 2017)). A court must limit itself to considering the pleadings, not matters or theories raised in response to the motion to dismiss. *See Lohr*, 248 F. Supp. 3d at 810.

Because the common law argument is not in the pleadings, the Court should not consider it.

## II. Plaintiff failed to adequately plead a claim for negligent misrepresentation.

Plaintiff's negligent misrepresentation claim should be dismissed. Under Texas law, to succeed on a negligent misrepresentation claim, the plaintiff must show

that "(1) the representation [was] made by a defendant in the course of his business, or in a transaction in which he [had] a pecuniary interest; (2) the defendant supplie[d] "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffer[ed] pecuniary loss by justifiably relying on the representation." *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996) (quoting *Federal Land Bank Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991)). The false information must be a statement of existing fact; a promise of future action or inaction cannot provide the basis for a negligent misrepresentation claim. *See De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 205 (5th Cir. 2012).

Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid–Continent Cas. Co.,* 242 S.W.3d 1, 12 (Tex. 2007). And so tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex. 1991).

But tort damages are recoverable if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id.* In *Jim Walter Homes, Inc. v. Reed*, a negligent supervision case, the Texas Supreme Court explained: "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself,

-13-

the action sounds in contract alone." 711 S.W.2d 617, 618 (Tex. 1986); *see also DeLanney,* 809 S.W.2d at 494 ("When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.").

"The economic loss rule is not an affirmative defense, but rather a 'court-adopted rule for interpreting whether a party is barred from seeking damages in an action alleging tort injuries resulting from a contract between the parties.'" *Golden Spread Coop., Inc. v. Emerson Process Mgmt. Power & Water Sols., Inc.*, 360 F. Supp. 3d 494, 517 n.21 (N.D. Tex. 2019) (quoting *Tarrant County Hosp. Dist. v. GE Automation Svcs. Inc.*, 156 S.W.3d 885, 895 (Tex. App. – Fort Worth 2005, no pet.)) (internal citations omitted). Whether to apply it "is a question of law for the court to decide." *Id.* at 517.

"In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.,* No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.,* 960 S.W.2d 41, 45-47 (Tex. 1998)); *DeLanney,* 809 S.W.2d at 494-95. The burden is on the plaintiff to establish evidence of an independent injury. *See A-1 Am. Fence, Inc. v. Wells Fargo Bank, N.A.*, No. 1:20-CV-441, 2021 WL 7184973 at *5 (E.D. Tex. May 5, 2021).

Here, Defendant argues that the negligent misrepresentation claim is barred both because of the economic loss rule and because their alleged misrepresenting of loss mitigation options was one of future fact. *See* Dkt. No. 7 at 7. Plaintiff responded by incorrectly stating that the economic loss rule is an affirmative defense and attempting to shift the burden to Defendant. *See* Dkt. No. 13 at 4. The undersigned agrees with Defendant as to the economic loss rule.

Plaintiff alleges that she suffered damages for "clouding the title," harm to her credit reputation and creditworthiness, additional charges to her mortgage and escrow accounts, and a loss of time in "remedying the problem." Dkt. No. 1, Ex. B. Any injury relating to clouding title, charges related to her mortgage and escrow accounts, and loss of time caused by Plaintiff's attempts to remedy problems with her mortgage all stem from the subject matter of the deed of trust and therefore is not independent of the economic injury.

As for harm to creditworthiness, several courts have found that harm to creditworthiness also flows from the subject matter of the deed of trust and is therefore not independent of the economic injury. *See, e.g.*, *Curtis v. Cerner Corp.*, 621 B.R. 141, 175 (S.D. Tex. 2020) ("the Court is unpersuaded that damaged credit is necessarily an injury separate from contract"); *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2414-B, 2012 WL 555155 at *6 (N.D. Tex. Feb. 21, 2012) (finding that the economic loss rule applied because a loss of creditworthiness constituted economic damages arising directly from the alleged breach of a deed of trust); *c.f. Yumilicious Franchise, L.L.C. v. Barrie*, No. 3:13-cv-4841-L, 2015 WL 1856729 at *7 (N.D. Tex.

Apr. 23, 2015) (finding that damages stemming from the consequences of falling behind on payments arise solely from the contractual relationship between a franchiser and franchisee). The undersigned agrees that harm to creditworthiness should not constitute an independent injury.

Because Plaintiff cannot allege an independent injury, the economic loss rule applies, and plaintiff's negligent misrepresentation claim is barred as a matter of law.

Finally, because Plaintiff does not make clear what misrepresentations were made, the undersigned cannot determine whether the statements were of future fact. Regardless, Plaintiff's claim is barred by the economic loss rule and should be dismissed with prejudice because leave to amend would be futile.

### III.   Plaintiff's requests for injunctive relief should be dismissed.

Plaintiff's request for an injunctive relief beyond the temporary restraining order she was granted in state court should be dismissed. Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action. *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445 at *4 (N.D. Tex. July 12, 2010). Because the undersigned concludes that none of Plaintiff's claims can withstand dismissal, Plaintiff's request for injunctive relief cannot survive and should be dismissed without prejudice.

### Recommendation

The Court should grant Defendant's motion to dismiss [Dkt. No. 7] and dismiss Plaintiff's claim for negligent misrepresentation with prejudice and Plaintiff's claim for breach of contract and request for injunctive relief without prejudice and should

grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint to replead her claim for breach of contract and request for injunctive relief, if she can, consistent with this recommendation and the conclusions and findings above and should order that, if she fails to do so, those claims will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F ED. R. C IV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 3, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE